582 So.2d 762 (1991)
Larry Doyle REGISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2669.
District Court of Appeal of Florida, First District.
July 11, 1991.
*763 John F. Daniel, of Daniel & Komarek, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty., for appellee.
ERVIN, Judge.
Appellant, Larry Doyle Register, was convicted of DUI manslaughter under Section 316.193, Florida Statutes (1989). The following instruction, which was taken almost verbatim from Section 316.1934(2)(c), Florida Statutes (1989), was given to the jury:
If you find from the evidence that the defendant had a .10 or more by weight of alcohol in his blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
Appellant contends, relying upon Wilhelm v. State, 568 So.2d 1 (Fla. 1990), that this instruction created a mandatory, rebuttable presumption which acted improperly to shift the burden of proof as to the intoxication element to the defendant. We find this case distinguishable from Wilhelm in that appellant's guilt could be established either by proof of intoxication, i.e., impairment of his normal faculties, or by proof that his blood alcohol level was .10 percent or higher.[1] Wilhelm could only be convicted by proof of intoxication.[2]See Wilhelm, 568 So.2d at 4 n. 4. See also State v. Rolle, 560 So.2d 1154 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 181, 112 L.Ed.2d 144 (1990). Consequently, to the extent the above instruction at bar allowed the jury to substitute proof of blood alcohol level of .10 percent or higher for proof of impairment, it correctly states the law. It does not, therefore, create an unconstitutional presumption, but merely provides an alternative element of the offense. Rolle, 560 So.2d at 1156. Consequently, we hold that the instruction given here created merely a permissive inference.
AFFIRMED.
ZEHMER and MINER, JJ., concur.
NOTES
[1] See § 316.193(1), Fla. Stat. (1989).
[2] Wilhelm was convicted of DWI manslaughter under Section 316.1931, Florida Statutes (1985).