HARRIS, J.
Appellant, after stopping for some beers on the way home from work, was involved in an accident causing serious bodily injuries to the driver and passenger in the other vehicle. An analysis of her blood revealed a level of “0.08 grams ethyl alcohol per 100 ml.” Although appellant objected below and on appeal that the blood was improperly taken and handled, we approve the trial court’s resolution of that issue. We also reject appellant’s claim that the information was improperly amended during trial to add the second count involving the passenger. The record reflects that both the state and the defense considered the trial as involving two counts with two victims. The trial judge announced during opening remarks that there were two counts involving separate victims. Both the state and the defense remarked on both victims’ injuries during opening statements. The defense made no objection to the amendment and stated in closing argument that the defense stipulated that both victims were “very seriously injured.” There was no prejudice caused by the amendment and we find no reversible error.
We address appellant’s second point on appeal concerning whether the jury instruction involving her blood alcohol level unconstitutionally shifted the burden of proof to the defense. The instruction read:
If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 percent or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that her normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence. These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent her normal faculties were impaired.
This instruction seems consistent with the supreme court’s statement in Haas v. State, 597 So.2d 770, 774 (Fla.1992):
In a case involving DUI by impairment, section 316.1934, Fla. Stat. (1989) provides that 0.10 percent or more by weight of alcohol in the blood[1] shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. This statute is inapplicable to a DUBAL case because the crime itself consists of driving with a blood-alcohol level of 0.10 percent or more. It is clear, however, that in both impairment and DUBAL cases the legislature contemplated that the results of the blood-alcohol level test would be admissible in evidence.
In State v. Rolle, 560 So.2d 1154, 1157 (Fla.1990), the supreme court discussed the significance of the term “prima facie” when used in statutes such as the one involved herein:
The legislature clearly understood the language of presumptions but chose to use different language in paragraph (c) (“shall be prima facie evidence”). That difference is crucial. In Allen, the United States Supreme Court stated that with a permissive inference, “the basic fact may constitute prima facie evidence of the elemental fact.” 442 U.S. at 157, 99 S.Ct. at 2224, 60 L.Ed.2d 777. Further, this court has interpreted the language “shall be prima facie evidence” in other contexts as creating an inference ... We see no reason to interpret such language differently in this context, especially as the statute expressly *1183 encourages the introduction of evidence besides blood-alcohol level.
However, even though a statute may use the term “prima facie evidence” to create a permissive inference, as the supreme court has held this statute did, nevertheless such term, if used in a jury instruction, may well cause such confusion in the minds of the jury as to which party has the burden of persuasion on an element of the charged offense that a problem of constitutional magnitude may arise. As the supreme court stated in Wilhelm v. State, 568 So.2d 1, 3 (Fla.1990):
However, the fact that this Court has interpreted the words “prima facie” when used in a statute as a valid inference does not mean that a jury instruction utilizing those words is also necessarily valid. Although this court is the final interpreter of state statutory language ... the standard to determine the constitutionality of a jury instruction ... is whether “there is a reasonable likelihood that the jury has applied the challenged instruction in a way” that shifts to the defendant the burden of persuasion on an element of the offense charged.
In determining the validity of the instruction used in this case, we should compare it with the one used in Rolle (upheld) and the one used in Wilhelm (held invalid). Unlike Wilhelm which actually used the term “prima facie” in the instruction, the one in the present case, like Rolle, provided that proof of the requisite alcohol level “would be sufficient by itself’ to establish impairment. There were no undefined terms in the instruction under consideration which might confuse the jury into believing that a finding of impairment was required upon a finding that the blood-alcohol level of 0.08 was established. The jury was specifically instructed to consider such evidence with other evidence to determine if the defendant’s normal faculties were actually impaired. We find the instruction appropriate under Rolle.
AFFIRMED.
GRIFFIN, C.J. and COBB, J., concur.

. This level was amended in 1993 to 0.08. See 1993 Fla. Laws, ch. 193-124.