896 So.2d 704 (2005)
Robert Charles LEVERITT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1369.
Supreme Court of Florida.
January 13, 2005.
D. Gray Thomas and William J. Sheppard of Sheppard, White and Thomas, P.A., Jacksonville, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, FL, for Respondent.
PARIENTE, C.J.
We have for review Leveritt v. State, 817 So.2d 891 (Fla. 1st DCA 2002), in which the First District Court of Appeal certified the following question of great public importance:

*705 IN A DUI [DRIVING UNDER THE INFLUENCE] MANSLAUGHTER TRIAL, IS IT FUNDAMENTAL ERROR TO GIVE A JURY INSTRUCTION THAT IS ERRONEOUS BASED UPON THE PRESUMPTION OF IMPAIRMENT DECLARED INVALID UNDER MILES V. STATE [STATE V. MILES], 775 So.2d 950 (Fla.2000), WHEN THE OPINION IN MILES WAS ISSUED DURING PENDENCY OF THE APPEAL IN THE INSTANT CASE, AND WHEN MILES CHANGED THE LAW APPLICABLE TO THE JURY INSTRUCTION PRESUMPTIONS OF IMPAIRMENT, AND WHEN THE ISSUE OF IMPAIRMENT WAS DISPUTED AT TRIAL AND IS AN ESSENTIAL ELEMENT OF THE CRIME.
Id. at 897-98.[1] Answering a similar certified question in Cardenas v. State, 867 So.2d 384 (Fla.2004), we held "that an improper instruction on the statutory presumption of impairment, given contrary to the holding in Miles, is not fundamental error if the State charges DUBAL [driving with an unlawful blood alcohol level] and the jury is correctly instructed thereon, or if the jury is correctly instructed on actual impairment." Id. at 397. We approved the First District decision affirming the convictions of boating under the influence (BUI) manslaughter because we determined from the record that the jury rendered a general verdict of guilt after being properly instructed on the alternative theories of DUBAL and actual impairment. See id. at 396.
In this case, we are unable to ascertain from the First District's opinion whether the giving of the presumption of impairment instruction was fundamental error based on the criteria set forth in Cardenas. We therefore answer the certified question in the negative, vacate the decision below, and remand for reconsideration in light of Cardenas.[2]
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
[2] Subject to our holding in Cardenas, we agree with the First District that Miles applies in cases that were pending on direct appeal when Miles was issued. See generally Smith v. State, 598 So.2d 1063, 1066 (Fla.1992) (holding that any decision of this Court "announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final").