On Remand from the Florida Supreme Court

VAN NORTWICK, J.
Robert Charles Leveritt was convicted of DUI manslaughter and vehicular homi *43 cide after the car he was driving hit a pole causing the death of his passenger. He appealed those convictions in this court raising several issues, including an argument that the jury instruction on presumption of impairment was invalid under State v. Miles, 775 So.2d 950 (Fla.2000), and that, even though appellant had not objected to the instruction at trial, the erroneous instruction was fundamental error. This court affirmed the DUI manslaughter conviction, vacated the vehicular homicide conviction, and certified a question of great public importance to the Florida Supreme Court as to whether it is fundamental error in a DUI trial to give a jury instruction which is erroneous under Miles.[1] Leveritt v. State, 817 So.2d 891 (Fla. 1st DCA 2002) (Leveritt I). The Supreme Court accepted review. The Court noted that a similar question was raised in Cardenas v. State, 867 So.2d 384 (Fla.2004), and explained that, in Cardenas, the Court held that “an improper instruction on the statutory presumption of impairment, given contrary to the holding of Miles, is not fundamental error if the State charges driving with an unlawful blood alcohol level (DUBAL), and the jury is correctly instructed thereon, or if the jury is correctly instructed on actual impairment.” Leveritt v. State, 896 So.2d 704, 705 (Fla.2005) (Leveritt II), quoting Cardenas, 867 So.2d at 397. In considering this question in the context of the instant case, however, the Supreme Court was “unable to ascertain from [the Leveritt I] opinion whether the giving of the presumption of impairment instruction was fundamental error based on the criteria set forth in Cardenas.” Leveritt II, 896 So.2d at 705. Therefore, the Court answered the certified question in the negative, vacated our Leveritt I decision, and remanded the case back to this court “for reconsideration in light of Cardenas.” Id. On remand, we have received supplemental briefing and heard additional oral argument from the parties. For the following reasons, we hold that the erroneous jury instruction was fundamental error, and we reverse and remand for further proceedings consistent with this opinion.

Scope of Remand

We read the very specific remand instructions of the Court as limiting the scope of our considerations on remand. The issue considered by the Court in Leveritt II was whether the improper jury instruction on the statutory presumption of impairment was fundamental error. The remand was necessary because the Court could not determine from our Leveritt I opinion whether the “presumption of impairment instruction was fundamental error based on the criteria set forth in Cardenas.” Leveritt II, 896 So.2d at 705. Thus, although we possessed broad discretion in the manner in which we conducted the proceedings on remand; see Pritchett v. Brevard Naval Stores Co., 134 Fla. 649, 185 So. 134 (Fla.1938), we limit our consideration solely to the application of the Cardenas fundamental error analysis to the instant case.

Background

Our analysis begins with the statutory framework under which this case proceed *44 ed. The DUI manslaughter statute, section 316.193(3), Florida Statutes (1997), incorporates the DUI • statute, section 316.193(1). The DUI statute provides:
(1) A person is guilty of the offense of driving under the influence ... if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 87.111, or any substance controlled under chapter 893, when affected to the extent that the persons’s normal faculties are impaired;
(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
(c) The person has a breath-alcohol level of 0.08 or more grams per 210 liters of breath.
“[S]ubsection (l)(a) requires proof of impairment, while the strict liability approach of subsections (l)(b) and (l)(e) requires proof of driving with an unlawful blood — or breath — alcohol level, otherwise known as DUBAL.” Cardenas, 867 So.2d at 389-90. The amended information charged appellant with DUI manslaughter by reference to subsections (l)(a) and (l)(b).[2]
In Leveritt I, we described the factual and procedural background and the arguments relating to the fundamental error issue, as follows:
Following a day of playing golf with a friend, appellant lost control of his car on a rainy afternoon and was involved in a serious one-car accident. Appellant’s passenger, his golfing friend and fellow U.S. Navy diver, was killed instantly. Appellant’s blood was drawn at the hospital shortly after the accident, and an analyst for the Florida Department of Law Enforcement later tested the blood sample and found appellant’s blood alcohol level to be .21. Appellant was charged with vehicular homicide and DUI manslaughter. Appellant moved to suppress results of the blood test. After an evidentiary hearing, the motion was denied.
At the ensuing trial, in addition to the blood test evidence, the prosecution adduced testimony from witnesses who saw appellant and the deceased passenger consuming Bloody Marys and beer on the day of the accident and other witnesses who smelled an odor of alcohol about the appellant’s automobile after the accident. The evidence showed that there was, however, a period of several hours immediately prior to the accident during which appellant was not seen to have been drinking, and witnesses on the scene of the accident testified that they had not seen or found evidence of alcohol impairment in the accident. Without objection, the trial court instructed the jury to make certain presumptions of impairment pursuant to section 316.1934, Florida Statutes (1997), based on the blood alcohol test results, including the following:
If you find from the evidence that the defendant had a blood alcohol level of .08 percent [sic] or more, that evi *45 dence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that his normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
The jury found appellant guilty on both counts. The trial court entered judgment adjudicating appellant guilty on both counts. This appeal ensued.
[[Image here]]
Appellant argues that the trial court reversibly erred in instructing the jury to make the statutory presumptions of impairment, see section 316.1934, Florida Statutes (1997), because rule 11D-8.012, Florida Administrative Code, the administrative rule implementing the implied consent statutes, was declared invalid under State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), approved in part, quashed in part, 775 So.2d 950 (Fla.2000), following the trial in the instant case. See also Mehl v. State, 632 So.2d 593, 595 (Fla.1993). As a result, contends appellant, the state may not rely on the statutory presumptions in proving the elements of DUI manslaughter. In response, the state argues that this issue is procedurally barred because the appellant failed to preserve the issue with an objection to the jury instruction. Further, on the merits, the state contends that even if rule 11D-8.012 is invalid, the blood test evidence was admissible below under the common law reliability test, citing Robertson v. State, 604 So.2d 783 (Fla.1992), and, as a result, the statutory presumptions still apply-
Leveritt I, 817 So.2d at 894-5.
In Leveritt I, after analyzing Miles, we concluded that “[i]t is clear from Miles (i) that rule 11D-8.012 is invalid and (ii) that the statutory presumptions of impairment cannot be used when admissibility of the blood test is based upon the common law Bender test.” Id. at 896. Further, we expressly found that “[b]elow, no determination was made as to whether the three-prong common law predicate had been satisfied and the record does not reflect direct testimony as to the reliability of the blood test used, prong one of the common law predicate.” Id. We held that the statutory presumption jury instructions were erroneous. We also found, however, that the error was not fundamental. Id. at 897. In finding no fundamental error we reasoned as follows:
In the instant case, a central issue is whether the giving of the presumption of impairment instruction constitutes fundamental error. “The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000)(quoting Smith v. State, 521 So.2d 106, 107-08 (Fla.1988)). To constitute fundamental error, the asserted error must be “equivalent to a denial of due process.” Mordenti v. State, 630 So.2d 1080, 1084 (Fla.1994)(quoting State v. Johnson, 616 So.2d 1, 3 (Fla.1993)), or “error that ‘reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error,’ ” Barnes v. State, 743 So.2d 1105, 1108 (Fla. 4th DCA 1999)(quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)). Although an erroneous instruction or failure to instruct as to an essential element of a crime may rise to the level of fundamental error, see Mercer v. State, 656 So.2d 555, 556 (Fla. 1st DCA 1995), we do not find that fundamental error occurred here.
*46 We conclude that the instant case is controlled by Smith v. State, 521 So.2d 106 (Fla.1988). In Smith, the court held that the trial court had not committed fundamental error by giving an erroneous standard jury instruction on the insanity defense. Id. at 107. Even though the instruction had erroneously explained the law with respect to the burden of proof in cases in which the insanity defense was raised, the court concluded that, since the error had not deprived the defendant of a fair trial, fundamental error had not occurred. Id. at 108; see also Holiday v. State, 758 So.2d at 1269-70.
The instruction in the instant case neither omitted from the definition of an offense one of the essential elements, nor misdefined one of the essential elements of an offense. The challenged instruction merely advised the jury of an evidentiary presumption or permissible inference that they were free to accept or reject. See State v. Rolle, 560 So.2d 1154, 1156 (Fla.1990); Register v. State, 582 So.2d 762, 763 (Fla. 1st DCA 1991). As in Smith, we conclude that the erroneous instruction below did not deprive appellant of a fair trial. Thus, we find no fundamental error. Smith, 521 So.2d at 108; see Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002); see also Dodge v. State, 805 So.2d 990 (Fla. 4th DCA 2002).
Leveritt I, 817 So.2d at 897.

Fundamental Error Under Cardenas

At the time Leveritt I was under review by the Florida Supreme Court, in Cardenas, the Florida Süpreme Court also reviewed two consolidated eases[3] which presented the question of “whether giving the standard jury instruction on the presumption of impairment contrary to our decision in State v. Miles, 775 So.2d 950 (Fla.2000), is fundamental error....” Cardenas, 867 So.2d at 386-87.[4] In its fundamental error analysis in Cardenas, the Court began by restating the “longstanding principles concerning preservation of instructional error ....” Id. at 390. Quoting from its recent opinion in Reed v. State, 837 So.2d 366, 370 (Fla.2002)(quoting State v. Delva, 575 So.2d 643, 644-5 (Fla.1991)), the Court stated:
Instructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. To justify not imposing the contemporaneous objection rule, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. In other words, fundamental error occurs only when the omission is 'pertinent or material to what the jury must consider in order to convict.
Cardenas, 867 So.2d at 390 (emphasis in Cardenas). Accordingly, the Supreme Court addressed
whether giving a presumption of impairment instruction in violation of Miles reaches into the validity of the trial itself such that a guilty verdict could not have been obtained without the assistance of the error.
867 So.2d at 391 (internal quotations omitted). In holding that the improper instruction in Cardenas did not meet this *47 fundamental error test, the Court based its conclusions on the “unique nature of the DUI statutory scheme.... ” Id. The Court explained that the strict liability of DUBAL could be proven by admission of blood alcohol evidence by either of two means: the statutory presumption of DUI impairment or the common law governing admissibility of scientific test results. Under the statutory presumption, see section 316.193(1), Florida Statutes (2003), a person is deemed impaired if his or her blood alcohol level is equal to or greater than .08 grams of alcohol per 100 milliliters of blood (or 210 liters of breath). As the Supreme Court explained in Cardenas, the “State may rely on the presumption of impairment only if the additional requirements of the implied consent law for quality assurance of the blood sample are met.” Cardenas, 867 So.2d at 390, citing Robertson v. State, 604 So.2d 783, 792 (Fla.1992). In Cardenas, as here, the presumption of impairment instructions violated Miles.
The second method of establishing DUBAL, however, makes the presumption of impairment a moot concern. Cardenas, 867 So.2d at 391. Under the common law alternative, the blood alcohol level may be admitted as scientific evidence. Like other scientific evidence, however, a certain predicate must be satisfied before the results of any scientific testing may be admitted. For evidence of a person’s blood alcohol level to be admitted outside of the implied consent law and regulations promulgated thereunder, the party seeking the introduction of the evidence must satisfy the three-prong common law test[5] set forth in State v. Bender, 382 So.2d 697, 699 (Fla.1980). Cardenas, 867 So.2d at 391.
In Cardenas, the Court explained:
When the jury is instructed on DUBAL after the State has introduced blood-alcohol evidence under the three-prong test of Bender, as occurred in each of these cases, the jury may find the defendant guilty based on the same evidence that supports the presumption of impairment without considering whether the defendant was under the influence of alcohol to the extent that his or her normal faculties were impaired.
Id. at 391 (emphasis added). In the cases before the Supreme Court in Cardenas, the Court found that there was “no indication in these cases either that the State failed to carry its burden of laying the common law predicate for blood alcohol evidence or that the evidence was improperly admitted.” Id. at 396. With the predicate of the introduction of blood alcohol evidence under the Bender test, the court held that “the improper instruction does not constitute fundamental error when the jury is instructed on either DU-BAL or actual impairment, or both.” Id. at 393. As a result, the Court answered “in the negative the First District’s certified question in Cardenas as to whether instructing on the presumption in violation of Miles is fundamental error.” Id.

Analysis

We read the Cardenas opinion as creating a requirement that, where the statutory presumption of impairment is not available pursuant to Miles, to rely on the DUBAL provision for a DUI conviction, the state must introduce blood alcohol evidence under the Bender test. 867 So.2d at 391. In Leveritt I, we expressly found *48 that the Bender test had not been satisfied at trial.[6] 817 So.2d at 896 (“Below, no determination was made as to whether the three-prong common law test had been satisfied and the record does not reflect direct testimony as to the reliability of the blood test used, prong one of the common law predicate.”). That ruling is law of the case, and we have not been persuaded that it was error. See Florida Dep’t of Transp. v. Juliano, 801 So.2d 101, 105-6 (Fla.2001). In the instant case, because the blood alcohol evidence could not have been introduced under the statutory presumption of impairment due to Miles and was not introduced under Bender, the predicate for the Court’s Cardenas fundamental error holding does not exist. Accordingly, under the Cardenas criteria, we hold that the jury instruction on presumption of impairment was fundamental error.
On remand, the state asserts that sufficient evidence of actual impairment was introduced at trial on which the jury could base the conviction. Apart from appellant’s blood alcohol level, the record does contain evidence, such as testimony concerning the odor of alcohol about appellant’s person and his vehicle, which suggests that appellant was actually impaired. See § 316.193(l)(c), Fla. Stat. (1997). The issue of actual impairment was hotly contested at trial, however, and the record also contains substantial testimony to the contrary. We cannot say, given the disputed evidence at trial, that the verdict was not the result of the improper consideration of the blood alcohol evidence and the jury instruction on presumption of impairment. The trial here is distinguishable from the trials leading to the convictions affirmed in Cardenas. In both of those trials the Bender test was satisfied. Thus, the jury was not weighing the evidence of actual impairment. Instead, the respective juries were able to convict on the strict liability subsections of the DUI statute, sections 316.193(l)(b) or (c). In the case at bar, it cannot be assumed that the jury weighed the evidence and found actual impairment, so that a conviction could be obtained under section 316.193(l)(a), when the case was tried as a strict liability case under section 316.193(l)(b).
In summary, we hold that fundamental error occurred in the instant case and remand for a new trial on the charge of DUI manslaughter. REVERSED and REMANDED for a new trial.
PADOVANO and HAWKES, JJ., concur.

. The question certified stated, as follows:
In a DUI [driving under the influence] manslaughter trial, is it fundamental error to give a jury instruction that is erroneous based upon the presumption of impairment declared invalid under Miles v. State [State v. Miles], 775 So.2d 950 (Fla.2000), when the opinion in Miles was issued during pen-dency of the appeal in the instant case, and when Miles changed the law applicable to the jury instruction presumptions of impairment, and when the issue of impairment was disputed at trial and is an essential element of the crime.
Leveritt, 817 So.2d at 897-98.

. Count I of the Amended Information reads in pertinent part: "[Appellant] did drive or was in actual physical control of a vehicle while under the influence of alcoholic beverages, or any chemical substances set for in Section 877.111, or a substance controlled under Chapter 893, Florida Statutes, while affected to the extent that his normal faculties were impaired and/or did drive or was in actual physical control of a vehicle while having a blood alcohol level of .08 percent or above, and by reason of the operation of said vehicle, did kill [the victim], a human being, contrary to the provisions of Section 316.193(l)(a)(b) and 316.193(3), Florida Statutes.”

. Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002), and Bonine v. State, 811 So.2d 863 (Fla. 5th DCA 2002).

. In Cardenas, the court also considered "whether the error in giving the instruction is harmful per se or subject to a harmful error analysis." Cardenas, 867 So.2d at 387. The harmful error question was not an issue in the instant case and, accordingly, is not addressed by us.

. Under the three prong test in Bender, "a scientific test result on intoxication is admissible ‘if a proper predicate establishes that: (1) the test was reliable, (2) the test was performed by a qualified operator with proper equipment, and (3) expert testimony was presented concerning the meaning of the test.' ” Cardenas, 867 So.2d at 390 (quoting Bender, 382 So.2d at 699).

. In fairness to the parties, the Bender test was not at issue at trial because Miles had not been decided at the time of trial. Thus, the state had no reason to believe the presumption of impairment would be eliminated as an alternative method of establishing DUBAL. By the same token, because Miles was not decided at the time of trial, the defense had no authority on which to base an objection to the standard jury instruction that explained the statutory presumption of impairment when one's blood alcohol level is .08 or greater.