757 So.2d 548 (2000)
Robert FECSKE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-2562.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Rehearing Denied June 1, 2000.
*549 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Robert Fecske appeals after a jury convicted him of unlawful blood alcohol (UBAL) manslaughter under section 316.193, Florida Statutes (1995).[1] Of the six points he raises on appeal, we write to address only one. We hold the trial court erred in giving a special instruction to the jury and, thus, reverse.
At trial, the state presented evidence that a white pickup truck driven by Fecske jumped over a curb on State Road 84 and onto Interstate 595 where it hit the car that the victim was driving. At the scene of the accident, Fecske was found lying on the ground a short distance from the vehicles. His injuries were such that he is now a paraplegic. As no eyewitness could place Fecske behind the wheel of the pickup truck, his trial counsel maintained there was an issue whether Fecske was the driver, inferring Fecske's girlfriend could have been driving. The impact caused the victim's car to spin into a wall. The victim died over three weeks later based on a combination of pneumonia and multiple blunt trauma resulting in the hemorrhaging of the brain. The medical examiner specifically testified that the blunt trauma the victim suffered from the accident substantially contributed to his death. However, he also testified that the pneumonia, which he opined contributed to the victim's death, had not been diagnosed prior to his death. He testified that he could not opine, to a reasonable degree of medical certainty, whether the victim would still be alive if the pneumonia had been correctly diagnosed prior to his death.
Over Fecske's objection, the court instructed the jury per the state's request as follows:
If you find from the evidence that [the victim's] initial injuries were proximately caused by Robert Fecske's actions, then any alleged lack of affirmative medical treatment of [the victim] does not constitute an intervening cause relieving Robert Fecske of responsibility for [the victim's] death.
As a general rule, lack of affirmative medical treatment of the victim, whose initial injury was proximately caused by the defendant's actions, does not constitute an intervening cause relieving the defendant of criminal responsibility for the victim's death. Barnes v. State, 528 So.2d 69, 70 (Fla. 4th DCA 1988) (citation omitted). While the court's special instruction accurately restated this law, Feckse argues that the instruction constituted an improper comment on the evidence by the court. We agree. As the state conceded at oral argument, causation is an element of UBAL manslaughter under section 316.193. Thus, Fecske should have been allowed to defend that the pneumonia, and not his negligence, caused the victim's death. By giving the special instruction, however, the court essentially directed a verdict on this defense in favor *550 of the state. This was error. Accordingly, we reverse Fecske's conviction and sentence and remand this case for a new trial.
As to the other issues raised in Fecske's appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED and REMANDED.
FARMER and HAZOURI, JJ., concur.
NOTES
[1] That statute provides, in pertinent part,

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
* * * *
(b) The person has a blood or breath alcohol level of 0.08 percent or higher.
* * * *
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
* * * *
3. The death of any human being commits DUI manslaughter....
§ 316.193, Fla. Stat. (1995).