816 So.2d 724 (2002)
Ronald R. CARDENAS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3833.
District Court of Appeal of Florida, First District.
May 7, 2002.
*725 Eugene K. Polk of Law Offices of Terence A. Gross, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges his various convictions and sentences arising out of a collision between his fishing boat and a commercial barge which resulted in the deaths of two people and serious injury to his son. We affirm appellant's convictions and sentences as orally pronounced at sentencing and strike those portions of the written judgment which are inconsistent with the trial court's oral pronouncement. We also certify a question of great public importance as to whether the giving of the presumption of impairment instruction constituted fundamental error. A number of issues are raised on appeal, only three of which require any discussion.
Appellant argues on appeal that the trial court abused its discretion by refusing to allow him to cross-examine Lieutenant Harry "Buddy" Gomez regarding the delay in arresting and charging appellant in connection with the accident. We affirm as to this issue because, contrary to appellate counsel's assertions at oral argument, appellant never proffered the substance of the proposed cross-examination of this witness to the trial court. A proffer of excluded testimony is necessary to preserve a claim that the testimony was erroneously excluded. See Lucas v. State, 568 So.2d 18, 22 (Fla.1990); see also Finney v. State, 660 So.2d 674, 684 (Fla.1995)(holding that challenge to trial court's refusal to allow certain cross-examination by defense of state witness had not been properly preserved for appellate review because defendant "never proffered the testimony he sought to elicit from the witness and the substance of that testimony is not apparent from the record"). We note that the trial court did allow defense counsel to cross-examine Lieutenant Gomez concerning his alleged bias against appellant as well as his failure to immediately report to the lead investigating officer on the case appellant's alleged admissions, on the night of the accident, as to who had been driving the boat at the time of the collision.
Appellant also argues on appeal that the trial court erred in giving the standard impairment presumption jury instruction in this case in light of the supreme court's decision in State v. Miles, *726 775 So.2d 950 (Fla.2000). We affirm as to this issue because appellant never presented to the trial court the Miles argument he now asserts on appeal, and the giving of the challenged instruction did not rise to the level of fundamental error.
During the first of several discussions on jury instructions held in this case, the prosecutor indicated that he wanted the impairment presumption instruction given. Defense counsel responded that his only concern at that time was that it be made clear to the jury that they could not convict appellant based solely on the evidence that he had been drinking and driving the boat at various points during the day before the accident. The prosecutor agreed that he would make it clear that the jury should not convict simply because there had been evidence that appellant had been drinking and driving the boat prior to the accident, and the trial court indicated that it would be made clear to the jury that such evidence was only relevant in terms of the reasonable inferences that could be drawn from it concerning who had been driving the boat at the time of the accident.
When the parties and the trial court resumed their discussion about jury instructions later in the proceedings, defense counsel stated, "For the record, so it doesn't appear there's a waiver, I'm going to object to the presumption instruction." Defense counsel did not, however, argue any grounds for his objection to the trial court. The trial court overruled the objection and moved on.
After the parties had made their closing arguments, another final discussion about the jury instructions took place. During this discussion, defense counsel again stated, "I'm going to object to the presumption instruction. I think you've already ruled on that." Defense counsel again provided no argument to the trial court in support of his objection. Thus, appellant's Miles challenge to the giving of the standard impairment presumption instruction was never presented to the trial court.[1] Merely objecting to the giving of a standard jury instruction, without stating the specific grounds for the objection, does not preserve for appellate review the issue of whether the instruction was given in error. See Esty v. State, 642 So.2d 1074, 1079-80 (Fla.1994); see also Tolbert v. State, 679 So.2d 816, 818 (Fla. 4th DCA 1996)(en banc).
Because the Miles argument now presented on appeal was not the basis of the defense objection to the impairment presumption instruction in the trial court, we have considered whether the giving of the impairment presumption instruction constituted fundamental error, and conclude that it did not. Fundamental error in a criminal case has been described as "error that `reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged *727 error'." Barnes v. State, 743 So.2d 1105, 1108 (Fla. 4th DCA) (quoting Kilgore v. State, 688 So.2d 895 (Fla.1996)), rev. denied, 744 So.2d 457 (Fla.1999). Challenges to an inaccurate or erroneous instruction must be preserved for appeal. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991); see also Archer v. State, 673 So.2d 17, 20 (Fla.1996); Geralds v. State, 674 So.2d 96, 98-99 n. 6 (Fla.1996); Tolbert, 679 So.2d. at 818. An improper instruction or failure to instruct as to an essential element of a crime may rise to the level of fundamental error. See Mercer v. State, 656 So.2d 555, 556 (Fla. 1st DCA 1995). The instruction in the instant case, however, neither omitted from the definition of an offense one of the essential elements, nor misdefined one of the essential elements of an offense. The challenged instruction merely advised the jury of an evidentiary presumption or permissible inference that they were free to accept or reject. See State v. Rolle, 560 So.2d 1154, 1156 (Fla.1990); Register v. State, 582 So.2d 762, 763 (Fla. 1st DCA 1991).
In Smith v. State, 521 So.2d 106 (Fla. 1988), the supreme court was asked to determine whether the trial court had committed fundamental error by instructing the jury with an erroneous standard instruction on the insanity defense which improperly explained the law with respect to the burden of proof in insanity cases. See id. at 107. The court determined that fundamental error had not occurred because the instructional error in that case had not deprived the defendant of a fair trial. See id. at 108; see also Holiday v. State, 753 So.2d 1264, 1269-70 (Fla.2000) (relying on Smith to support the conclusion that the giving of an erroneous standard jury instruction on the entrapment defense, which improperly explained the law with respect to the burden of proof in such cases, did not constitute fundamental error). We find the instructional error in this case similar to the instructional errors at issue in Smith and Holiday.
The use of the standard impairment presumption instruction here did not constitute fundamental error because it did not affect the fairness of the proceeding. There is no assertion that the blood samples taken from appellant on the night of the accident were tainted in any way. We fail to see how the giving of the standard impairment presumption instruction under these circumstances influenced the outcome of the trial or that the guilty verdict could not have been obtained without the improper instruction. We, therefore, conclude that the giving of the standard impairment presumption instruction in this case did not constitute fundamental error.
We recognize that some uncertainty exists in the case law defining the standard for determining whether fundamental error has occurred when an erroneous jury instruction is given. As a result, we certify the following question to be of great public importance:
IS IT FUNDAMENTAL ERROR TO GIVE A JURY INSTRUCTION ON THE PRESUMPTION OF IMPAIRMENT IN VIOLATION OF THE PRECEPTS OF STATE V. MILES, 775 So.2d 950 (Fla.2000)?
We address the last issue raised on appeal by striking those portions of the written judgment which are inconsistent with the trial court's oral pronouncements at sentencing. At sentencing, the trial court never actually adjudicated appellant guilty of the crime of culpable negligence in connection with the death of Ronald Cardenas, Sr., or imposed a sentence for that offense. The written judgment, however, indicates that appellant was adjudicated guilty of both boating under the influence (BUI) manslaughter and culpable negligence in connection with the death of *728 Ronald Cardenas, Sr., and appellant was sentenced on both offenses. Appellant argues on appeal, as he did in the trial court, that these dual convictions are precluded by the supreme court's decision in State v. Chapman, 625 So.2d 838 (Fla.1993). We need not reach that issue because the trial court did not orally pronounce dual convictions and sentences in connection with the death of Ronald Cardenas, Sr., and we are striking any indications to the contrary from the written judgment.[2]
WEBSTER, J., concurs; BROWNING, J., concurs in part and dissents in part with written opinion.
BROWNING, J. concurs in part and dissents in part.
I concur with the majority that appellant did not preserve the issue pertaining to his cross-examination of Lieutenant Harry "Buddy" Gomez and to certification. I dissent from the majority's holding that appellant did not preserve the trial court's error by giving the presumption of impaired instruction ("the instruction"). Furthermore, if not preserved, I conclude on the unique facts of this case, and the law's status when appellant was tried, the trial court's error in giving the instruction constitutes fundamental error, and I dissent from the majority's contrary holding.

Facts
I believe an expansion of the facts presented by the majority is necessary to properly comprehend the instruction's effect on appellant's trial and how that effect constitutes fundamental error.
Appellant was convicted of DUI manslaughter of two people, one of whom was his father, and the other his uncle. The sole evidence of appellant's impairment was a blood alcohol test showing a .0999 blood alcohol level. Testimony revealed the fishing party, consisting of four adults and a minor[3] consumed a 12-pack of beer, one half of a half-pint of whiskey, and a quart of homemade wine during the day fishing trip. The exact amount each person drank was not clearly established, but appellant drank approximately five beers, and with another person, drank the half of the half-pint by alternating sips. The fatal accident occurred on October 29, 1995, but appellant was not charged until October 27, 1998, two days before the expiration of the statute of limitations on his offenses. There was no direct evidence that appellant was operating the boat when the accident occurred. The appellee's accident reconstruction expert testified that appellant was operating the boat when the accident occurred, but appellant's expert testified he was not operating the boat. Officer Gomez testified that appellant admitted to *729 him that he was driving the boat. However, Officer Gomez did not place appellant's alleged admission in his accident report, and a fellow investigating officer present at the time, made no written note of such a statement, and testified he did not recall appellant's making such a statement. After the accident, Officer Gomez purchased a boat from the widow of his deceased uncle, (who at the time was suing appellant for civil damages arising out of the accident), for a discounted purchase price including interest-free financing of a portion of the purchase price during a three-year period. The widow's sale to Officer Gomez preceded appellant's being charged and Officer Gomez's oral testimony that appellant admitted he was the boat operator. At the trial, the controlling law was this court's opinion permitting the instruction's use. See State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999) ("Miles I"), approved in part, quashed in part 775 So.2d 950 (Fla.2000).

Preservation
I dissent from the majority's opinion that appellant did not preserve the trial court's error in giving the instruction. It is true appellant stated his objection to the instruction in a generic manner and did not state the objection's basis. However, in my judgment, the trial court, defense counsel, and the state's attorney well knew that Miles I required giving the instruction. Had appellant stated as his objection's basis the rationale subsequently adopted by the Florida Supreme Court, the trial court's action would not have changed, as it is oath-bound to follow existing precedent that required that the instruction be given under Miles I. See State v. Miles, 775 So.2d 950 (Fla.2000). In such circumstances, I conclude the law should not, and does not, require a useless mantra. Accordingly, in my judgment, appellant did preserve the error, or in such circumstances, an objection is not required.
I recognize that the Florida Supreme Court has, in other circumstances, stated that preservation is required if a defendant is to take advantage of a subsequent law change. See Smith v. State, 598 So.2d 1063 (Fla.1992). However, that case did not involve a factual basis, such as here, where customary preservation was a useless act because of Miles I. Absolutely no change in the trial would have resulted had defense counsel uttered the objection's basis the majority says is required. The law's goal should be that a citizen receive a fair trial, and when the preservation rule is counterproductive to that goal, and is utilized in a manner totally at odds with its intended purpose___to prohibit "sandbagging" of the trial courtit should not be applied, as I conclude due process prohibits its application. As pointed out in Judge Van Nortwick's dissent in Leveritt v. State, Case No. 1D98-4519 (Fla. 1st DCA May 7, 2002), under federal law, an objection is not required in similar circumstances. See U.S. v. Novey, 922 F.2d 624, 629 (10th Cir.1991), and U.S. v. Washington, 12 F.3d 1128, 1139 (D.C.Cir.1994). This is by far the better rule that accomplishes the law's purpose and in no way violates the preservation rule's intended application. To hold otherwise diminishes proper use of the rule and diminishes the legal process by institutionalizing "gotcha" procedures that deny a defendant a fair and lawful trial while upholding an unlawful conviction. Appellant, who had a clean record, faces 15 year's imprisonment resulting from a trial that admittedly could not be repeated under existing law and, but for an unmeaningful objection's absence, would dictate appellant's retrial. This is simply too high a price to pay for adherence to a rule's application when a better approach is available, and I conclude, required by the *730 intent underpinning the preservation rule and due process.

Fundamental Error
I agree with Judge Van Nortwick's well-reasoned dissent in Leveritt. He succinctly states my conclusion that giving the instruction constitutes fundamental error, and his rationale is just as applicable here as in Leveritt. I adopt Judge Van Nortwick's dissent on this issue, except in two aspects. When Leveritt was tried, the status of the law was different from that when appellant was tried, and their blood alcohol levels were substantially different.
When Leveritt was tried, Miles I had not been decided, as in appellant's case. Thus, the trial court was oath-bound to apply Miles I here based on a clear appellate precedent, and the participating attorneys were ethically bound to represent that Miles I was binding and required giving the instruction. Appellee relied almost exclusively on appellant's presumptive blood alcohol level of .0999 to prove one element of a two-element crime___ intoxication. This provided critical proof of one element of the charge, as the record is otherwise silent as to other evidence of appellant's impairment. It seems clear to me that the instruction severely prejudiced appellant and created fundamental error.
Furthermore, I cannot agree with the majority's conclusion that the fundamental error issue is controlled by Smith v. State, 521 So.2d 106 (Fla.1988). There the court determined that the giving of a standard jury instruction previously disapproved was not fundamental error. However, in so finding the court pointed out:
While we do not recede from our view in Yohn concerning the inadequacy of the old standard jury instruction on insanity, we cannot say that it was so flawed as to deprive defendants claiming the defense of insanity of a fair trial. Despite any shortcomings, the standard jury instructions, as a whole, made it quite clear that the burden of proof was on the state to prove all the elements of the crime beyond a reasonable doubt.
Id. at 108.
An analogous circumstance does not exist here, as no other rehabilitative instructions were given as in Smith. Without support from other instructions, the instruction constitutes an uncorrected inadmissible comment on the evidence by the trial court. Such conduct has often been condemned and requires reversal. Simmons v. State, 803 So.2d 787 (Fla. 1st DCA 2001), and Fecske v. State, 757 So.2d 548 (Fla. 4th DCA 2000). In a close case, as here, the impact of a trial court's comment on the evidence had to be far-reaching. To think otherwise, I believe, misapprehends courtroom dynamics. Clearly, the trial of appellant under the instruction is "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the association of the alleged error." Barnes v. State, 743 So.2d 1105, 1108 (Fla. 4th DCA 1999) quoting Kilgore v. State, 688 So.2d 895 (Fla.1996), rev. den., 744 So.2d 457 (Fla.1999).
The majority's conclusion that the instruction as a comment on the evidence is less damaging than an instruction containing an incorrect description of an element is ill-founded. Such a rule misapprehends the paramount importance of a case's facts. The very essence of fundamental error can consist of the interplay of facts in a particular case. To apply such a broad rule, as does the majority, renders the fundamental error rule impotent to correct miscarriages of justice that are factually based as here. In my judgment, based on reasonable trial probabilities, in many cases a seasoned trial lawyer would prefer an incorrect instruction of a crime's element rather than an adverse comment *731 on the evidence by the trial court, as occurred here. Because of the close factual controversy, the trial court's giving the instruction clearly denied appellant a fair trial and constitutes fundamental error. For these reasons, I concur in part and dissent in part.
NOTES
[1] Although the supreme court did not decide Miles until after appellant's trial, appellant could still have challenged the giving of the standard impairment presumption instruction on the grounds discussed in Miles because he was on notice at the time of his trial, by virtue of the pendency in the supreme court of the question certified by this court in State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), that the argument he now makes on appeal might have some validity. See Harvey v. State, 786 So.2d 28, 30 (Fla. 1st DCA)(holding that pendency of issue in supreme court places appellant on notice of potential validity of issue, such that he should preserve issue for appellate review in order to obtain any benefit from favorable ruling by supreme court, even if existing district court case law from his district would have precluded trial court from ruling in his favor), denying rhr'g in 797 So.2d 585 (Fla. 1st DCA 2001).
[2] We note that our conforming of the written judgment to the trial court's oral pronouncements is also designed to correct an additional inconsistency with regard to the charges arising out of the death of Frank Parrish. At sentencing, the trial court judge correctly observed that the supreme court's decision in Chapman precluded him from adjudicating appellant guilty, in accordance with the jury's verdict, of both BUI manslaughter and vessel homicide in connection with the death of Frank Parrish. The trial court, therefore, orally adjudicated appellant guilty of only the greater offense of BUI manslaughter in connection with Parrish's death. The written judgment, however, erroneously indicates that appellant was adjudicated guilty of both BUI manslaughter and vessel homicide in connection with Parrish's death. We strike the apparent erroneous adjudication of guilt for vessel homicide in connection with Parrish's death so that the written judgment conforms to the trial court's oral pronouncement on this point.
[3] The minor is appellant's eight-year-old son, Lucas Wayne Cardenas, and also, appellant was convicted of causing serious bodily injury to him under Count 3 of the information.