848 So.2d 1233 (2003)
Christopher Stephen DAIGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-156.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*1234 James Marion Moorman, Public Defender, and Edward Lee Giles, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Christopher Daigle appeals from his judgment and sentence for DUI manslaughter. He raises several challenges to his conviction. Citing State v. Miles, 775 So.2d 950 (Fla.2000), Daigle first argues that the trial court erred in instructing the jury on the presumption of intoxication. Daigle, however, failed to object to the jury instructions at trial; and accordingly, the issue was waived. See Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002) (following Miles and finding that because the DUI defendant's appellate challenge to the standard DUI impairment presumption instruction was never presented to the trial court, this issue was not preserved for appeal, even though Miles was not decided until after the defendant's trial), review granted, 832 So.2d 103 (Fla.2002). See also Leveritt v. State, 817 So.2d 891 (Fla. 1st DCA 2002).
Daigle alternatively argues that it was fundamental error to instruct the jury on the presumption of impairment. In Cardenas, the First District stated: "[w]e have considered whether the giving of the impairment presumption instruction constituted fundamental error, and conclude that it did not." 816 So.2d at 726. The court explained that the instruction did not omit or misdefine an essential element of the offense. Because it only advised the jury of an evidentiary presumption that they were free to accept or reject, the court found that the error was not fundamental. The court reiterated this holding in Leveritt, 817 So.2d at 897. We agree that it is not fundamental error to give the instruction; however, as did the First District, we certify the following question to be of great public importance:
IS IT FUNDAMENTAL ERROR TO GIVE A JURY INSTRUCTION ON THE PRESUMPTION OF IMPAIRMENT IN VIOLATION OF THE PRECEPTS OF STATE V. MILES, 775 So.2d 950 (Fla.2000)?
Daigle next argues that the trial court erred in denying his motion for judgment of acquittal. Daigle correctly argues that the State was required to prove that the manner in which he operated his vehicle caused or contributed to the cause of the crash. See § 316.193(3)(c), Fla. Stat. (1997); State v. Hubbard, 751 So.2d 552 (Fla.1999); Magaw v. State, 537 So.2d 564 (Fla.1989). The crash occurred when a car driven by Laura Howard pulled out in front of Daigle. At the moment Ms. Howard was pulling out in front of Daigle, the victim, Priscilla O'Meara, was also pulling into the road from the opposite direction. When Daigle swerved to avoid Howard, he struck O'Meara. Daigle's expert witness testified that the fatal traffic crash was "unavoidable" and "inevitable" and not caused in any way by the manner in which Daigle operated his car. Although the State presented no expert testimony or other evidence to directly contradict this testimony, it did offer evidence that, if believed, could have undermined the expert's conclusion that the accident was unavoidable. Accordingly, we believe that the trial court correctly denied Daigle's motion for a judgment of acquittal because the ultimate issue of whether Daigle caused the accident was a question for the jury. See State v. May, 670 So.2d 1002 (Fla. 2d DCA 1996). The jury was entitled *1235 to accept or reject Daigle's expert's opinion that he could not have avoided hitting Mrs. O'Meara's car. See Chesnoff v. State, 840 So.2d 423 (Fla. 5th DCA 2003).
Daigle also raises several specific challenges to the trial court's admission of his blood alcohol test results. We do not reach the merits of these challenges because unfortunately for Daigle, the issues were unpreserved. Defense counsel's only objection to the admission of the blood evidence was that the "testimony given today concerning possibly inaccurate information, people not remembering who drew the blood, what happened, that this report could be inaccurate." This vague objection is insufficient to preserve the specific challenges he has raised on appeal. Likewise, Daigle challenges as irrelevant and prejudicial testimony elicited from the emergency room doctor who treated him after the accident. At trial, however, defense counsel merely stated: "Objection, Your Honor. The doctor's reading straight from his report." She made no mention of prejudice or the lack of relevancy at the time and accordingly, those objections are not preserved.
Daigle also argues that the trial court erred at sentencing. Driving under the influence-manslaughter is a second-degree felony with a maximum sentence of fifteen years. Daigle received a sentence of ten years, ten months, to be followed by ten years of probation. This sentence is illegal because the combined prison and probation time exceeds the statutory maximum. See Fuentes v. State, 711 So.2d 175 (Fla. 2d DCA 1998).
During the pendency of this appeal, Daigle filed a motion to correct sentencing error. The trial court conducted a hearing on the motion and the prosecutor agreed that the sentence exceeded the statutory maximum for the offense. The parties stipulated to a corrected sentence reflecting 130 months' state prison, with forty months suspended, to be followed by fifty months' probation. Apparently, however, no corrected written judgment was ever entered. Therefore, we remand for the entry of a corrected written sentence.
Affirmed; remanded with instructions; question certified.
WHATLEY and COVINGTON, JJ., concur.