PER CURIAM.
Appellant seeks review of his convictions. He raises only one issue — whether *934 the trial court committed reversible error when it failed to read again, after'closing arguments, standard instructions on reasonable doubt, the burden of proof and weighing the evidence that had previously been read to the jury as part of a bifurcated charge. As appellant correctly.points out, the bifurcated charge given by the trial court failed to comply with that approved by our supreme court for criminal cases. In Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla.1981), the court said:
We approve the recommendation of the committee that the trial judge be authorized in his discretion to bifurcate his charge to the jury by giving a portion of the general instructions prior to the taking of evidence, with the remaining instructions being given at the close of the evidence and after argument of counsel. The following instructions may be given prior to the taking of evidence: 2.02 and 2.02(a), 2.03, 2.04 [but not the instructions in 2.04(a) through (e)], 2.05, and 2.07. When bifurcating the instructions, the trial judge should repeat instructions 2.02, 2.02(a), 2.03 and 2.04 after argument of counsel. Although this bifurcation is left to the judge’s discretion, we believe, as did the committee, that giving the above-numbered instructions at the beginning of the case will provide the jury with a better understanding of their responsibilities and duties. We therefore encourage the use of this jury instruction technique.*
Although we agree that the standard instructions on reasonable doubt, the burden of proof and weighing the evidence should also be given at the conclusion of the trial when given earlier as part of a bifurcated charge, we nevertheless affirm because (1) the issue was not properly preserved, see Fla. R.Crim. P. 3.390(d) (“No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection”); (2) the argument made on appeal was not presented to the trial court, see Cardenas v. State, 816 So.2d 724, 725-26 (Fla. 1st DCA 2002), approved, 867 So.2d 384 (Fla. 2004); and (3) even if adequately preserved, any error was harmless to the exclusion of all reasonable doubt (because the trial was relatively short, the court verbally gave the instructions at issue the morning before, the jury was given a written copy of the charge that included those instructions, defense counsel' cited those instructions during closing'argument, the final instructions included similar directives, and there was nothing to indicate jury confusion or misunderstanding).
AFFIRMED.
BOOTH, WEBSTER and DAVIS, JJ., concur.

 At the time of the court’s opinion, what are today standard instructions 3.7 ("Plea of Not Guilty; Reasonable Doubt; and Burden of Proof”) and 3.8 ("Weighing the Evidence”) were numbered 2.03 and 2.04.