PER CURIAM.
The appellant challenges an order by which the trial court summarily denied each of the claims raised in the appellant’s Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Because the appellant raises several colorable claims of ineffective assistance of counsel which were not refuted by the attachments to the order, we affirm in part, reverse in part, and remand.
The appellant was convicted after a jury trial of two counts of boating under the influence (BUI) manslaughter and one count of operating a vessel under the influence, and was sentenced to a total of 15 years’ incarceration. The convictions stem from a collision between the appellant’s fishing boat and a commercial barge. At trial, the appellant conceded that at the time of the collision his blood alcohol level was above the legal limit. However, he claimed that he was not operating the boat at the time of the accident, but rather, the operator was one of the decedents, Frank Parrish.
There was no direct evidence that the appellant was operating the boat at the time of the collision. The appellee’s accident reconstruction expert opined that the appellant was operating the boat when the accident occurred, but the appellant’s expert opined that the appellant was not operating the boat. Lieutenant Harry “Buddy” Gomez testified that upon questioning the appellant at the hospital after the accident, the appellant initially told Officer Gomez that he was the operator of the boat, but soon after claimed not to have been the operator. The appellant argued at trial that Officer Gomez was not a credible witness due to the fact that a fellow investigating officer who was present during the questioning of the appellant did not recall such a statement, and that prior to Officer Gomez recalling the appellant’s alleged admission, Parrish’s widow, who at the time was suing the appellant for civil damages arising out of the accident, sold Officer Gomez a boat at a greatly reduced price. The appellant also testified in his own defense that he was not operating the boat at the time of the collision.
In his motion, the appellant raises several colorable claims of ineffective assistance of counsel which were not conclusively refuted by the attachments to the order. First, he claims his trial counsel was ineffective for failing to call the appellant’s son, Lucas, as a witness at the appellant’s trial. Lucas was a passenger on the boat at the time of the collision. The appellant alleges that if Lucas had been called, he would have testified that the appellant was not operating the boat at the time of the collision. The trial court denied the appellant’s claim, finding that Lucas’ testimony would have been merely cumulative to the appellant’s own testimony. However, an eyewitness’ testimony as to who was operating the boat at the time of the accident would have been more persuasive than the appellant’s testimony, and would not have been merely cumulative. See Weiand v. State, 732 So.2d 1044 (Fla.1999). Therefore, this claim is facially sufficient and is not conclusively refuted by the record attachments, and the trial court erred by summarily denying it.
Second, the appellant alleges his counsel was ineffective for failing to seek the admission of certain out-of-court statements made by his father, who was seated next to the boat’s operator at the time of the collision. The appellant asserts that prior to his father’s death, which occurred approximately four months after the boating accident and was due to injuries sustained during the collision, his father made statements to certain named persons that Parrish was operating the boat at the time *549 of the collision. The appellant states that at least one of these statements, of which he informed his counsel, was made when his father was aware of his imminent death, and that his counsel should have attempted to seek the admission of these statements as statements under belief of impending death pursuant to section 90.804(2)(b), Florida Statutes. If the statements alleged were made under the circumstances described by the appellant, they would have been admissible under this hearsay exception, and the failure to introduce them could have materially prejudiced the appellant’s defense. See Weiand. Thus, this claim is facially sufficient and is not refuted by the record attachments, and the trial court erred by summarily denying it.
Third, the appellant claims his counsel was ineffective for failing to bring forth additional evidence, of which he informed his counsel, of bias on the part of Officer Gomez, including evidence of longstanding personal problems between Officer Gomez and the appellant, evidence that Officer Gomez had tried to pressure another officer into changing her testimony at the appellant’s trial, and evidence that the Bluebook value of the boat which Officer Gomez purchased from Parrish’s widow for $6000 was $16000. Evidence that demonstrates a witness’ prejudice or bias is admissible at trial. See Breedlove v. State, 580 So.2d 605 (Fla.1991). The appellant’s claim is facially sufficient and is not conclusively refuted by the record attachments, and the trial court erred by summarily denying it.
Fourth, the appellant claims his counsel was ineffective for failing to sufficiently investigate the appellant’s allegation that prior to his trial he took and passed a polygraph examination administered by the Florida Marine Patrol, the results of which the state stipulated would be admissible at trial. The appellant states that his counsel questioned the state attorney’s office about the polygraph examination and stipulation, but when the state attorney claimed to have no knowledge of it, his counsel did not investigate any further. Although polygraph evidence is generally inadmissible in Florida to prove the guilt or innocence of a criminal defendant, results of a polygraph examination are admissible when the parties stipulate to admissibility. See Brown v. State, 452 So.2d 122 (Fla. 1st DCA 1984). This claim is facially sufficient and is not refuted by the record attachments, and the trial court erred by summarily denying it.
Fifth, the appellant claims his counsel was ineffective for failing to preserve for appeal by objection 15 improper comments made by the prosecutor during closing arguments. Claims that defense counsel failed to object to improper prose-cutorial comments during closing arguments are cognizable in rule 3.850 motions. See Perry v. State, 787 So.2d 67 (Fla. 2d DCA 2001). Further, as long as the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) are met, an argument that defense counsel failed to preserve an issue for appellate review is cognizable in a rule 3.850 postconviction motion. See Tidwell v. State, 844 So.2d 701 (Fla. 1st DCA 2003). This claim is facially sufficient and is not conclusively refuted by the record, and the trial court erred by summarily denying it.
Sixth, the appellant claims his counsel was ineffective for failing to request a jury instruction addressing the appellant’s use of psychotropic medications during trial, which the appellant asserts affected his credibility as a witness. The failure of defense counsel to request a jury instruction pursuant to *550 Florida Rule of Criminal Procedure 3.215(c)(2) on the possible side effects of a defendant taking psychotropic medications during a trial can constitute deficient performance. See Adams v. State, 727 So.2d 997 (Fla. 2d DCA 1999). And seventh, the appellant claims his defense counsel was ineffective in dealing with Parrish’s widow’s inappropriate courtroom behavior, including sobbing periodically during the trial and rubbing the state attorney’s shoulders during lulls in the proceedings in the presence of the jury. He acknowledges that his attorney made some attempt to curb this behavior, but claims these efforts were insufficient and ineffective in stopping the behavior. The appellant claims this behavior improperly evoked in the jury sympathy for the widow to the detriment of the appellant. The appellant concedes that the errors alleged in his sixth and seventh claims do not by themselves satisfy the prejudice prong of Strickland, but argues when they are considered cumulatively with his counsel’s other errors at trial, they constitute a sufficient claim. These claims are facially sufficient and are not conclusively refuted by the record attachments, and the trial court erred by summarily denying them.
The appealed order is accordingly reversed as to the trial court’s disposition of these claims, but is otherwise affirmed, and this case is remanded.
ALLEN and DAVIS, JJ., concur.
HAWKES, J., dissents with opinion.