PER CURIAM.
Appellant seeks review of the trial court’s order denying his rule 3.850 motion after an evidentiary hearing. We affirm.
In October 1995, while fishing on his boat with his son Lucas Cardenas, his father Ronald Cardenas, Sr., and family friend, Frank Parrish, Appellant was intoxicated beyond the legal limit while operating the vessel. An accident occurred wherein Appellant’s vessel collided with a barge. As a result, Parrish was killed, Appellant’s father was initially seriously injured but later died, and Appellant’s son was seriously injured but subsequently recovered. Appellant was charged with two counts of vessel homicide, two counts of BUI (boating under the influence) manslaughter, and one count of operating a vessel under the influence involving serious bodily injury.
A jury found Appellant guilty as charged except for finding Appellant guilty of culpable negligence, a lesser included offense of one of the vessel homicide *324 counts. The trial court sentenced Appellant to a total of 15 years in prison, followed by 10 years of probation. Appellant appealed his judgment and sentence, which was affirmed in part by this court.[1] Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002) (hereinafter “Cardenas I”), approved by 867 So.2d 384 (Fla.2004).
Appellant then sought postconviction relief through a timely rule 3.850 motion. The trial court summarily denied the motion. On appeal, we reversed and remanded for an evidentiary hearing on seven of the claims in the motion, including the claim that Appellant’s trial counsel was ineffective for failing to seek the admission of certain exculpatory statements allegedly made by Appellant’s father.[2] Cardenas v. State, 993 So.2d 546 (Fla. 1st DCA 2008) (hereinafter “Cardenas II ”). We explained that “[i]f the statements alleged were made under the circumstances described by the appellant, they would have been admissible under the [dying declaration] hearsay exception, and the failure to introduce them could have materially prejudiced the appellant’s defense.” Id. at 549.
Judge Hawkes dissented. In his view, even if the statements were exculpatory dying declarations, the record refutes Appellant’s claim that his trial counsel was ineffective for failing to introduce the statements because “the record shows Appellant’s father made declarations opposite what Appellant claims on appeal.”[3] Id. at 550 (Hawkes, J., dissenting).
On remand, the trial court conducted an evidentiary hearing during which Appellant, his trial counsel, and several other witnesses testified. Following the eviden-tiary hearing, the trial court entered a comprehensive eighteen-page order denying relief on all of the remanded claims. Appellant now seeks review of that order, but he raises only one issue on appeal: whether the trial court erred in finding that his trial counsel was not ineffective for failing to seek the admission of “impending death” statements made by his father.
*325 Appellate review of a trial court’s order on a postconviction claim of ineffective assistance of counsel following an evi-dentiary hearing presents a mixed question of law and fact. See Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). This court must defer to the trial court’s factual findings so long as they are supported by competent substantial evidence. Id. at 1031. However, the issue of whether counsel was ineffective under those facts is ultimately a question of law and is thus reviewed de novo. Id. at 1032.
In order to establish a claim for ineffective assistance of counsel, a defendant must demonstrate that: (1) counsel’s performance was deficient — this requires a showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment; and (2) there is a reasonable probability that the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Spencer v. State, 842 So.2d 52, 61 (Fla.2003). A reasonable probability is a probability sufficient to undermine' confidence in the outcome. Spencer, 842 So.2d at 61.
Appellant contends that the trial court erred in finding that his trial counsel was not ineffective because the testimony presented at the evidentiary hearing established that his father made statements following the accident naming Frank Parrish as the driver of the boat that would have been admissible as “dying declarations.” The state responds by arguing that the evidence presented at the hearing supports the trial court’s findings that the statements would not have been admissible as “dying declarations” and, therefore, the trial court correctly found that Appellant’s trial counsel was not ineffective for not seeking to introduce the statements at trial.
Section 90.804(2)(b), Florida ’ Statutes, provides an exception to the hearsay rule for “a statement made by a declarant while reasonably believing that his or her death was imminent, concerning physical cause or instrumentalities of what the declarant believed to be impending death or the circumstances surrounding impending death.” This is commonly referred to as the “dying declaration” exception. See Charles W. Ehrhardt, Florida Evidence, § 804.3 (2010 ed.). Before a dying declaration may be admitted into evidence, a proper foundation must be presented to establish that the declarant possessed a subjective belief in the certainty of his death at the time the statement was made. Hayward v. State, 24 So.3d 17, 30-31 (Fla.2009) (explaining that “the absence of all hope of recovery, and appreciation by the declarant of his speedy and inevitable death, are a preliminary foundation that must always be laid to make such declarations admissible”) (internal quotations and citations omitted).
Here, the trial court found that the testimony presented at the evidentiary hearing failed to establish the necessary predicate for admission of any of the statements allegedly made by Appellant’s father under the dying declaration hearsay exception. None of the witnesses who testified at the evidentiary hearing specifically testified as to statements made by Appellant’s father at a time when he believed his death was imminent. For example, none of the allegedly exculpatory statements were made on the night of the accident or immediately before Appellant’s father died; rather, the statements were made at different points during Appellant’s father’s 14-week hospital stay during which time he was “gravely ill” but often in a regular hospital room and capable of carrying on at least minimal conversations. Additionally, the trial court explained that its assessment of the testi- *326 c'mony at the evidentiary hearing was consistent with trial counsel’s recollection that there were “some ‘hazy’ statements” that could not be corroborated. It is the function of the trial court to make these types of credibility determinations. See Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) (explaining that the appellate court reviewing the denial of a rule 3.850 motion after an evidentiary hearing will not substitute its judgment for that of the trial court on the credibility of witnesses or the weight to be given to evidence).
The trial court’s findings are supported by competent substantial evidence, and based upon these findings, the trial court correctly concluded that trial counsel was not ineffective for not seeking to introduce the alleged exculpatory statements made by Appellant’s father because the statements would not have been admissible under the dying declaration exception to the hearsay rule. See Owen v. State, 986 So.2d 534, 546 (Fla.2008) (explaining that trial counsel cannot be deemed ineffective for failing to introduce inadmissible evidence). Accordingly, we affirm the trial court’s denial of this claim and, because no other issue was appealed, we affirm the denial of Appellant’s rule 3.850 motion in its entirety.
AFFIRMED.
BENTON, C.J., WETHERELL and ROWE, JJ., concur.

. The court struck those portions of the written judgment which were inconsistent with the trial court's oral pronouncements at sentencing so that the written judgment conformed to the trial court's pronouncement that Appellant was only adjudicated guilty of BUI manslaughter and not culpable negligence because these dual convictions are precluded by State v. Chapman, 625 So.2d 838 (Fla.1993). See Cardenas I, 816 So.2d at 727-28. In all other respects, the judgment and sentence were affirmed. Id.

. The other claims remanded for an eviden-tiary hearing were whether trial counsel was ineffective for failing to call Appellant’s son as a witness at trial; for failing to bring forth additional information demonstrating bias on the part of state witness Buddy Gomez; for failing to investigate sufficiently Appellant’s allegation .that prior to his trial he took and passed a polygraph examination; for failing to object to certain comments made by the prosecutor during closing arguments; for failing to request a jury instruction addressing the Appellant's use of psychotropic medications during trial; and for failing to properly address the inappropriate courtroom behavior manifested by the widow of one of the victims. Cardenas II, 993 So.2d at 548-50. We affirmed the trial court’s summary denial of all other claims raised in the motion. Id. at 550.

.The record reflects that Appellant’s father made a statement to law enforcement shortly after the accident identifying Appellant as the driver of the boat. The trial court granted Appellant's motion in limine to exclude this statement from trial, but as observed by the trial court in the order on appeal in this case, it is likely that “had defense counsel áttempt-ed to admit a statement made by Cardenas Sr. which indicated that Frank Parrish was driving the boat, such testimony would likely have also acted to allow the State to introduce evidence of Cardenas Sr.'s conflicting statement that Defendant was driving the boat.”