WOLF, J.
 

 Appellant challenges his convictions for dealing in stolen property and false verification of ownership on a pawnbroker transaction form. Both charges arose from the theft of an air compressor. The issue before us is whether the trial court erred in instructing the jury that proof of the sale of stolen property below the fair market value gives rise to an inference the seller knew or should have known the property was stolen, where there was no evidence presented of fair market value.
 

 While we agree with appellant that there was no evidence presented as to the fair market value of the compressor, we disagree that giving the instruction constituted fundamental error. We, therefore, affirm.
 

 In the instant case, the court instructed the jury, without objection:
 

 Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the
 
 *598
 
 property knew or should have known that the property had been stolen.
 

 During closing arguments, the State referenced this inference and argued, “this $35 for this [air compressor] is an indication that [appellant] knew or should have known it was stolen. This is worth a lot more than $35.” No objection was raised as to this argument.
 

 Section 812.022(3), Florida Statutes (2009) provides, “Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.”
 

 Appellant argues the trial court committed fundamental error in instructing the jury as to this inference because the State provided no evidence that the $35 sale of the air compressor was substantially below fair market value. He asserts this error was fundamental because it pertained to knowledge, which is an essential element of the crime of dealing in stolen property.
 

 Appellant relies on several cases in which courts found that giving a jury instruction on a statutory inference that was not supported by the evidence was harmful error where the issue had been preserved.
 
 See, e.g., Boone v. State,
 
 711 So.2d 594, 596 (Fla. 1st DCA 1998).
 

 The only case appellant relies on dealing with fundamental error is
 
 Tatum v. State,
 
 857 So.2d 331 (Fla. 2d DCA 2003), in which the Second District indicated the instruction on a statutory inference without the proper factual basis may be fundamental error. In
 
 Tatum,
 
 the defendant, a pawnshop owner, was charged with racketeering in the operation of a pawn shop under Florida’s RICO Act.
 
 Id.
 
 at 333. Some of the alleged transactions were made by the defendant himself and others were made by his employee.
 
 Id.
 
 at 333-35. The jury was instructed that proof a dealer bought or sold property “out of the regular course of business or without the usual indicia of ownership” gave rise to an inference that the dealer knew or should have known the property was stolen.
 
 Id.
 
 at 333. The Second District found this instruction was permissible only where the dealer personally made the sale, because the “inference goes to prove an essential element of the crime, the defendant’s
 
 mens rea.” Id.
 
 at 334. Thus, the Second District found the instruction was error, and it served to bolster the testimony of the State’s key witness, who was the defendant’s employee.
 
 Id.
 
 at 335.
 

 The Second District found, “Although the State claims the issue was insufficiently preserved for appellate review, we find the error to be fundamental.”
 
 Id.
 
 at 332. The court cited
 
 Reed v. State,
 
 837 So.2d 366, 369 (Fla.2002), in which the supreme court found it was fundamental error to instruct the jury on an inaccurate definition of malice where “the essential element of malice was disputed at trial.” The Second District, however, gave no other reason for finding the error was fundamental.
 
 Tatum,
 
 857 So.2d at 332.
 

 However, in
 
 Cardenas v. State,
 
 this court distinguished, “[a]n improper instruction or failure to instruct as to an
 
 essential element
 
 of a crime may rise to the level of fundamental error.” 816 So.2d 724, 727 (Fla. 1st DCA 2002) (emphasis added),
 
 approved,
 
 867 So.2d 384 (Fla.2004). In contrast, a “challenged instruction [that] merely advised the jury of an evi-dentiary presumption or permissible inference that they were free to accept or reject” is not fundamental error.
 
 Id.
 
 (citing
 
 State v. Rolle,
 
 560 So.2d 1154, 1156 (Fla.1990);
 
 Register v. State,
 
 582 So.2d 762, 763 (Fla. 1st DCA 1991)). In
 
 Cardenas,
 
 the defendant argued the standard jury instruction on the presumption of impairment that arises when blood tests re
 
 *599
 
 veal high alcohol levels was fundamental error because a recent supreme court case found the administrative rules regulating the testing were insufficient.
 
 Id.
 
 816 So.2d at 727. This court rejected that argument, finding the instruction “neither omitted from the definition of an offense one of the essential elements, nor misde-fined one of the essential elements of an offense.”
 
 Id.
 
 As such, the court concluded it did not appear the instruction “influenced the outcome of the trial or that the guilty verdict could not have been obtained without the improper instruction.”
 
 Id.
 

 Here, as in
 
 Cardenas,
 
 the standard jury instruction at issue did not omit or erroneously define an essential element of the offense. It merely advised the jury that it could infer appellant knew the air compressor was stolen if he sold it substantially below the fair market value. Upon review of the record, appellant’s theory of defense was that the victim mistakenly identified the air compressor as his own, not that appellant lacked knowledge that the air compressor had been stolen. As such, giving the instruction in this case did not constitute fundamental error.
 

 AFFIRMED.
 

 CLARK and WETHERELL, JJ., concur.